EVELYN VAN GIESON, Respondent, *v.* IRA T. VAN GIESON,
Appellant.

*Order granting counsel fees and alimony at the same rate as the husband had pre-*
*viously agreed to pay the wife.*

Where an action brought by a wife against her husband for a separation is dis-
continued upon the execution of a sealed agreement, by the terms of which
the husband agrees to pay his wife a fixed sum per week for her maintenance
as well as certain counsel fees, and that, upon his default, she may recommence
the action for a separation and petition any court of competent jurisdiction for
alimony and counsel fees, and the wife, upon the husband's failure to perform
the agreement, begins another action for a separation, an order made therein
requiring the husband to pay alimony and counsel fees at substantially the same
rate as he had agreed to pay will not be disturbed.

APPEAL by the defendant, Ira T. Van Gieson, from an order of
the Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the 8th
day of November, 1897, granting alimony and counsel fee in an
action for separation brought by the plaintiff against the defendant,
and also from an order entered in said clerk's office on the 15th day
of November, 1897, denying his motion to resettle the first above-
mentioned order.

*John L. Linehan,* for the appellant.

*Rufus O. Catlin,* for the respondent.

WOODWARD, J.:

The parties to this action were married on the 8th day of Janu-
ary, 1896; they have never lived together, and no children have
been born to them. On the 31st day of October, 1896, the plaintiff
commenced an action for separation against the defendant, but by
subsequent negotiations the action was discontinued, the parties
entering into an agreement in writing, under seal, by which the
defendant undertook to pay to the plaintiff the sum of twenty-five
dollars per week for her support and maintenance, together with a
certain sum for counsel fees, it being stipulated that in the event of
a default on the part of the defendant, the plaintiff was to have the

right to recommence the action which was discontinued under the agreement, and to petition any court of competent jurisdiction for alimony and counsel fees.

The defendant, through his attorneys, made various payments under this agreement, substantially complying with its requirements, until some time in the latter part of August, 1897, when, through some mismanagement or neglect on the part of his attorneys, the defendant defaulted in his payments, and the plaintiff, acting upon the right reserved to her in the articles of agreement, began the action now under consideration, and asked for alimony and counsel fees. After various adjournments, during which time the defendant paid some part of the alimony agreed upon, the court below rendered its judgment decreeing the payment of $100 counsel fee, $150 to the plaintiff, as accrued alimony, and the weekly payment of $25 during the pendency of the action, and on each Saturday thereafter, until the further order of the court. Upon the entry of this order the defendant, through his counsel, asked for and was granted an order to show cause why a motion for the resettlement of the case should not be granted, the proposed resettlement differing in no material degree from that set forth in the order of the court. On the hearing of this motion it was denied, with costs, and from this the defendant appeals to this court.

It is unnecessary at this time to consider the sufficiency of the original cause of action, or whether this plaintiff had a cause of action at all. The defendant has, by a written agreement, conceded his liability to this plaintiff; he has entered into a contract to pay her the sum of twenty-five dollars per week, and in default of such payment he has stipulated that she might recommence her action and apply for counsel fees and alimony, and the order of the court does little, if any, more than to ratify this contract, and to place the matter in a position where the plaintiff shall not be annoyed in the collection of that which is conceded to be her due.

The conduct of the defendant, in so far as this litigation is concerned, has been lacking in evidence of good faith, the appeal from the order denying the motion for a resettlement being without merit, and there is no other course for this court except to affirm the judgment of the court below. A careful examination of the authorities cited in behalf of the defendant fails to disclose any adjudicated

cases to the contrary or even to suggest a line of reasoning which would lead to any other conclusion. The plaintiff is conceded to be entitled to support at the hands of her husband; the order of the court gives her no more than the defendant has already agreed to pay, and the appeal-from the order of the court upon a mere matter of detail as to the manner of payment does not seem to be entitled to any great degree of consideration.

The orders appealed from are affirmed, with costs.

All concurred.

Orders appealed from affirmed, with ten dollars costs and disbursements.